ORIGINAL

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

ALBERT BURKLEY

Appellant, / Petitioner

9th Cir. Case No. 20-55205

Originating Court Case No. 2:13-CV- 00424-VAP (RNB)

vs.

FRANCISCO JACQUEZ

Appellee(s). /WARDEN

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 2 3 2020

## APPELLANT'S INFORMAL BRIEF
(attach additional sheets as necessary)

FILED_____
DOCKETED_____
DATE          INITIAL

1.    Jurisdiction

  a.    Timeliness of Appeal:

    (i)    Date of entry of judgment or order
         of originating court: February 15, 2013

    (ii)   Date of service of any motion made after judgment (other than
         for fees and costs): None/Applicable.

    (iii)  Date of entry of order deciding motion: 02/28/2020

    (iv)   Date notice of appeal filed: March 4, 2013

    (v)    For prisoners, date you gave notice of appeal to prison
         authorities: February 26 , 2013

2.    What are the facts of your case?

On March 12, 1997, in the Los Angeles County Superior Court, a jury found Petitioner guilty of one count of attempted carjacking. And one count of second degree robbery. Appellant waived his right to jury trial, as to allegations that he had previously suffered a prior felony conviction.

Trial court found that Appellant had suffered two prior or violent felony convictions for robbery on March 10, 1988, and May 20, 1994. The Trial Court sentenced appellant to state prison for a term of 35 years to life.

3.    What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?

Strike the 1988 invalid guilty case no. A-645379 and allow Appellant to be resentenced.

4.    State the claim or claims you raised at the originating court.

See, attached Informal Brief,

For claim raised at the originating court.

5.    What issues are you raising on appeal? What do you think the originating court did wrong?

Same as above.

Procedurally barred and declared a vexatious litigant.

6.    Did you present all issues listed in #5 to the originating court?

**Yes**          If not, why not?
Yes/No

7.    What law supports these issues on appeal?
(You may, but need not, refer to cases and statutes.)

See, attached Appellant Informal Brief,

referring to case law and statutes.

8.    Do you have any other cases pending in this court?
      If so, give the name and docket number of each case.

              None/applicable.

9.    Have you filed any previous cases which have been decided by this court?
      If so, give the name and docket number of each case.

              None/applicable.

10.   For prisoners, did you exhaust all administrative remedies for each claim
      prior to filing your complaint in the district court?

              Yes, California Supreme Court.

Albert Burkley J-22491
_____
Name
   California Correctional ⊃Ins-
‾ titution, P.O BOX 1905
Tehachapi, CA. 93581-1905
_____
Address

_March /7, 2020_____
Date

_albert Burkley_____
Signature

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Albert Burkley

Appellant

Vs.

9th. Cir. Case# 20-55205

Francisco Jacquez

Originating Court Case No.-
2:-CV-00424-VAP- (RNB)

Appellee(s)

APPELLANT'S INFORMAL BRIEF

CASES AND STATUTES

BURGETT V. TEXAS 389 U.S 109 (1967)

BOYKIN V. ALABAMA 395 U.S 238 (1969)

Strickland V. Washington 466 U.S. 668 (1984)

UNITED States V. Dominguez Benites 542 U.S. 74 (2004)

Bradshaw V. Stumpf 545 U.S 175 (2005)

United States V. Sherman (9th. Cir. 1973) 474 F3d. 303

In re Tahl 1 Cal. 3d. 122 (1969)

People V. Sumstine (1984) 36 Cal 3d. 909

STATUTES:

United States Constitution        Fifth Amendment

United States Constitution        Sixth Amendment

United States Constitution        Fourteenth Amendment

## CLAIMS RAISED AT THE ORIGINATING COURT

### 1

Appellant's 1988 Prior State Felony Conviction, case number -
A-645379 is unconstitutional, under both federal and state standards. Because the
record does not reflect that appellant was advised or voluntary waived his Fifth
Amendment Right against compulsory self incrimination.

### 2

Appellant's Right to effective assistance of counsel, as guaranteed
by the Sixth and Fourteenth Amendments was violated when trial counsel failure to
challenge the 1988 guilty plea case number A-645379 by way of motion to strike on
Boykin/Tahl grounds. Pursuant to People V. Sumstine (1984) 36 Cal. 3d. 909

# CLAIM 1

Appellant's 1988 Prior State Felony Conviction case Number A-645379 is unconstitutional under both Federal and State standards because the record does not reflect that appellant was advised or voluntary waived his Fifth Amendment Right against compulsory self-incrimination.

Pursuant to <u>Boykin Alabama</u> (1969) 395 U.S 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709, the United States Supreme Court held that it was constitutional error for a State trial court to accept a guilty plea, without affirmative showing that the plea was voluntary and intelligent. A guilty plea was said to waive three Federal Constitutional Rights: The right to jury trial, the Right to confront one's accuser' and the privilege against compulsory self incrimination. Waiver of these three rights by a guilty plea cannot be presumed from a silent record, 395 U.S at 243, 89 S.Ct. at 1712, 23 L. Ed. 2d. pg. 279

In <u>In re Tahl</u> (1969)1Cal 3d 122, 81 Cal Rptr. 577, 460 P.2d.449. The California Supreme Court interpreted <u>Boykin</u> for the California trial courts. That Court held that records must contain on its face direct evidence that the accused was specifically and expressly made aware of each of these three Federal Rights and that he voluntarily waived them.

In <u>United States V. Sherman</u> (9th Cir. 1973) 474 F3d. 303, 305, the Ninth Circuit has explained a "Plea of guilty is the most complete form of self - incrimination. By the Plea, the defendant admit that he is guilty of the offense-charge." It is thus essential that the defendant know that he has a right to-not to plead guilty and that the records shows, he knows it. <u>United States V. Sherman</u>(supra) 474 F2d at pp 305, 306

It is beyond dispute that the Supreme Court decision in <u>Boykin V. Alabama</u> (supra) was, at the time of Appellant guilty plea continues to be clearly established Federal Law. For the proposition that the trial court must produce a record affirma-

-tively  showing that the defendant guilty plea was knowing and voluntary. See, - Bradshaw V. Stumpf 545 U.S 175, 125 S.Ct 2398, 2405 162 L.Ed. 143 (2005) (The Court taking a defendant plea is responsible for ensuring a record adequate for any review that may be later sought." )(Quoting  Boykin 395 U.S. at 244, 84 S. Ct. 1709).

United States V. Dominguez Benites 542 U.S 74, 84 N 10, 124 S.Ct. -2333, 159 L. Ed. 2d 157 (2004) ("When the record of a criminal conviction obtained by a guilty plea contains no evidence that a defendant knew of the Right  he was putatively waiving the conviction must be reversed.")Citing, Boykin  395 U.S at 243, 89 S. CT 1709.

Appellant submits examination of the transcripts of appellant's Plea Hearing underlying his 1988 guilty plea (Exhibit # A) And it shows without a question appellant was not advised or voluntary intelligently waived his Constitutional Right against compulsory self-incrimination, which is therefore void.

///
///
///
///
///
///
///
///
///
///
///
///
// /
///

5

APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE 6 TH. AND 14 TH. AMENDMENTS WAS VIOLATED, WHEN TRIAL COUNSEL FAILED TO CHALLENGE THE 1988 GUILTY PLEA IN CASE NUMBER A-645379 BY WAY OF MOTION TO STRIKE. SEE, PEOPLE V. SUMSTINE (1984) 36 Cal. 3d. 909.

Pursuant to People V. Sumstine (1984) 36 Cal 3d. 909, 206 Cal.Rptr 707, 687 P. 2d. 904, the California Supreme Court held that a criminal defendant charged with having suffered a prior felony conviction may move in the trial court to strike the alleged prior conviction, on the gound that the trial court in the prior proceedings failed to comply with the defendant Boykin-Tahl Rights.

At sentencing trial counsel moved Pursuant to California Penal Code Section §1385, as interpreted by the California Supreme Court People V. Superior Court (Romero) 13 Cal 4th. 497, 53 Cal Rptr. 2d. 789 (1996) to strike one of appellant prior robbery conviction, in an effort to reduce his sentence. See, Reporter's Transcripts-(P.179)

Trial Counsel could have filed a motion to strike pursuant to People V. Sumstine (supra) challenging the 1988 guilty plea on Boykin-Tahl grounds to enable prosecution to obtain the necessary records. Once trial counsel herein challenged the prior conviction by motion to strike on Boykin-Tahl grounds. The burden is on the prosecution to establish the facial sufficiency of the record as to the Constitutional validity: i.e "That the accused was aware or made aware of his Right to confrontation, to Jury trial, and against self incrimination." In re Tahl (supra) 1Cal 3d. at 132.

///
///
///
///
///
///
///
///

6

Either a prior conviction is Constitutionally invalid or it is not...
under Boykin-Tahl and their progeny, a record which failed to contain full admonish
-ment and waiver of forfeited Constitutional right will suffice in itself to render a
prior conviction unconstitutional, thus, the Court must strike a prior whenever the
record is silent, as to any Constitutional Rights.

It is well recognized however that a prior conviction that has been deter-
mined to be Constitutionally invalid may not be used to enhance the punishment for a
subsequent offense. Burgett V. Texas (1967) 389 U.S 109, 115, 119 LEd. 2d. 319, 325,
88 S.CT. 258; People V. Sumstine (supra) 36 Cal 3d at pp. 918, 919.

Because, Appellant ground two "Ineffective Assistance of Counsel Claim" is
necessary dependent, upon the validity of appellant ground one claim; it is also
clearly established federal law, as determined by the Supreme Court (i.e Strickland
V. Washington (1984) 466 U.S. 668, 686. 693)

The use of Appellant's prior guilty plea case number A-645379 to support
sentencing enhancement, under the California three strikes recidivist sentencing was
highly prejudicial, as well as a violation of appellant's 5Th., 6Th., and 14Th., -
Amendments to the United States Constitution.

RELIEF SOUGHT

Appellant is asking this Honorable Court to strike the 1988 guilty plea
in case number A-645379 and allow appellant to be resentenced.

Albert Burkley (J-22491)
California Correctional Institution
P.O BOX 1905
Tehachapi, CA. 93581- 1905

Signature.,

7

P&S 3-24-88

 COPY

FILED

MAR 2 4 1988 -

FRANK ; ..... COUNTY CLERK

*J. Reels*

By T. REELS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. SC "J"          HON. ARTHUR JEAN. JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA.)

PLAINTIFF.)

VS.                                    ) NO. A 645379

ALBERT BURKLEY.                        ) GUILTY PLEA

DEFENDANT.)

_____)

COMPTON. CALIFORNIA; THURSDAY. MARCH 10. 1988; 1:55 P.M.

UPON THE ABOVE DATE. THE DEFENDANT BURKELY BEING PRESENT IN COURT AND REPRESENTED BY COUNSEL. JABE KAHNKE DEPUTY PUBLIC DEFENDER OF LOS ANGELES COUNTY. THE PEOPLE BEING REPRESENTED BY KURT SEIFERT. DEPUTY DISTRICT ATTORNEY OF LOS ANGELES COUNTY. THE FOLLOWING PROCEEDINGS WERE HELD:

(THERESE K. CLAUSSEN. OFFICIAL REPORTER. CSR #5552.)

K-114

THE COURT: MR. BURKLEY, GOOD AFTERNOON.

IN THE BURKLEY MATTER. SOME INVESTIGATION WAS DONE THIS MORNING, MR. BURKLEY. FINGERPRINT PERSON WAS HERE TO ROLL YOUR PRINTS AND IT'S DETERMINED THAT THE DISTRICT ATTORNEY HAS INCORRECTLY CHARGED YOU WITH PRIOR CONVICTIONS AND I HAVE STRICKEN THOSE PRIOR CONVICTIONS AT THE MOTION OF THE DISTRICT ATTORNEY AND MR. KAHNKE.

MR. KAHNKE: YOUR HONOR. WE HAVE REACHED A DISPOSITION FOR LOW TERM ON THE ROBBERY AND THE G B. WOULD BE STRICKEN AT THE P&S.

MR. HALL: WE AGREE TO ALSO STRIKE THAT.

THE COURT: 12022.7 IS ALSO STRICKEN.

THE COURT: MR. BURKLEY. IF YOU ENTER A PLEA OF GUILTY TODAY. I WILL SENTENCE YOU TO PRISON FOR THE LOW TERM. WHILE IN PRISON YOU WILL EARN GOOD TIME AND WORK TIME. YOU WILL BE PAROLED AT SOME POINT. YOUR PERIOD PAROLE WILL BE FOR 3 YEARS.

WHILE ON PAROLE IF YOU DON'T FOLLOW TH RULES, YOU COULD FIND YOURSELF GOING BACK INTO THE SYSTEM TO SERVE AN ADDITIONAL YEAR AS PAROLE VIOL

IF BY SOME CHANCE YOU ARE NOT A CITIZEN OF THIS COUNTRY. THIS CONVICTION COULD RESULT IN YOUR BEING DEPORTED. YOUR BEING DENIED NATURALIZATION. YOUR BEING DENIED THE RIGHT TO COME BACK INTO THE COUNTRY AT A LATER TIME.

DO YOU UNDERSTAND ALL OF THOSE THINGS?

THE DEFENDANT: YES. SIR.

THE COURT: YOU HAVE A RIGHT TO A JURY TRIAL. THAT

IS WHERE TWELVE PEOPLE ARE CHOSEN FROM THE COMMUNITY BY YOUR LAWYER AND A LAWYER FROM THE DISTRICT ATTORNEY'S OFFICE. THEY WOULD SIT AND LISTEN TO THE EVIDENCE AND BE TOLD WHAT THE LAW WAS. THEY WOULD EITHER FIND YOU GUILTY OR NOT GUILTY.

DO YOU UNDERSTAND WHAT A JURY TRIAL IS?

THE DEFENDANT: YES.

THE COURT: AT THIS JURY TRIAL, YOU HAVE A RIGHT TO FACE IN OPEN COURT ANYBODY WHO WOULD TESTIFY AGAINST YOU OR CROSS-EXAMINE THOSE PEOPLE WITH THE HELP OF YOUR LAWYER.

DO YOU UNDERSTAND THAT RIGHT?

THE DEFENDANT: YES, SIR.

THE COURT: AT THIS TRIAL, YOU HAVE THE RIGHT TO DEFEND YOURSELF AND USE THE SUBPOENA POWER OF THE COURT TO HELP YOU WITH YOUR DEFENSE.

DO YOU UNDERSTAND THAT RIGHT?

THE DEFENDANT: YES.

THE COURT: YOU NOW FREELY AND VOLUNTARILY GIVE UP YOUR RIGHT TO A JURY TRIAL AND ALL THOSE OTHER TRIAL RIGHTS SO THAT YOU CAN ENTER A PLEA OF GUILTY IN THIS CASE?

THE DEFENDANT: YES, SIR.

THE COURT: TO THE CHARGE OF 211 OF THE PENAL CODE, HOW DO YOU NOW PLEAD?

THE DEFENDANT: GUILTY.

THE COURT: COUNSEL JOIN THE WAIVERS, APPROVE OF THE PLEA AND STIPULATE TO FACTUAL BASIS?

MR. KAHNKE: YES, YOUR HONOR.

THE COURT: I FIND MR. BURKLEY HAS KNOWINGLY

V-112

INTELLIGENTLY AND VOLUNTARILY WAIVED HIS CONSTITUTIONAL RIGHTS AND LIKE MANNER ENTERED A PLEA OF GUILTY TO ROBBERY IN THE 2ND DEGREE. I ACCEPT THE PLEA.

WAIVE PROBATION REPORT?

MR. KAHNKE: NO. WE WOULD LIKE ONE. I'VE HAD A COUPLE OF CLIENTS HELD UP FOR COUPLE MONTHS EXTRA BECAUSE OF THE REPORTS.

MR. SEIFERT: TWO WEEKS IS AGREEABLE.

THE COURT: TWO WEEK. TWENTY-FOURTH OF MARCH. 1988. 8:30 IN THE MORNING IN THIS DEPARTMENT.

WE'LL SEE YOU THEN MR. BURKLEY.

(PROCEEDINGS CONTINUED TO THURSDAY. MARCH 24. 1988. AT 8:30 A.M.: IN DEPARTMENT SC "J".)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. SC "J"                    HON. ARTHUR JEAN, JUDGE


THE PEOPLE OF THE STATE OF CALIFORNIA,)

                              PLAINTIFF,)

              VS.                        ) NO. A 645379

ALBERT BURKLEY,                          ) REPORTER'S

                              DEFENDANT.) CERTIFICATE

_____)

STATE OF CALIFORNIA      )
                         )  SS
COUNTY OF LOS ANGELES )


        I, THERESE K. CLAUSSEN, OFFICIAL REPORTER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES __1__ THROUGH __4__, COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN DEPARTMENT SC "J" ON MARCH 10, 1988, IN THE MATTER OF THE ABOVE-ENTITLED CAUSE.

        DATED THIS 23RD DAY OF MARCH, 1988.


                              _____ CSR #5552
                              OFFICIAL REPORTER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___ LOS ANGELES ___
BRANCH ___ SOUTHCENTRAL ___

COURT NO.
1,9,0,0,1,3

PEOPLE OF THE STATE OF CALIFORNIA    versus
DEFENDANT: BURKLEY, ALBERT          ☒ PRESENT    ☐ NOT PRESENT
AKA: SCOTT, MICHAEL LOVELL

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT    ☐ AMENDED ABSTRACT    CASE NUMBER A645379

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 03, 24, 88 | SC J | ARTHUR JEAN | L. BARRERAS |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| T. CLAUSSEN | K. SEIFERT | J. KAHNKE, PD | V. PERRY |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY:

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO DAY YEAR | CONVICTION BY (JURY/COURT/PLEA) | TERM (L/M/U) | TIME IMPOSED YEARS MONTHS |
|---|---|---|---|---|---|---|---|---|
| 01 | PC | 211## | ROBBERY 2nd | 87 | 03 10 88 | X C | L | 2 |

ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COURT | 12022.5(a) | 12022(b) | 12022.5(a) | 12022.3(b) | 12022.5 | 12022.6(a) | 12022.6(b) | 1202.7 | 12022.8 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F S I | C/F S I | C/F S I | C/F S I | C/F S I | C/F S I | C/F S I | C/F S I | C/F S I | | | |
| | | | | | | | | | | | | |

3. OTHER ORDERS:

4. A. NUMBER OF PRIOR PRISON TERMS:

| | # | C/F | S | I |
|---|---|---|---|---|
| 667.5(a) | | | | |
| 667.5(b) | | | | |
| 667.5(b) | | | | |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| | # | C/F | S | I |
|---|---|---|---|---|
| 667.6(a) | | | | |

5. TIME STAYED § 1170.1(f) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED: ⟶ 2 . —

☒ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

6. EXECUTION OF SENTENCE IMPOSED:

A. ☒ AT INITIAL SENTENCING HEARING   B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☐ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT [PC 1170(d)]

| 7. DATE SENTENCE PRONOUNCED: MO DAY YEAR | CREDIT FOR TIME SPENT IN CUSTODY: | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDIT | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 03 24 88 | | 148 INCLUDING: | 99 | 49 | ☐ DMH  ☐ CRC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN — FRONTERA
☐ OTHER (SPECIFY):
☐ CALIF. MEDICAL FACILITY — VACAVILLE
☒ CALIF. INSTITUTION FOR MEN — CHINO

CLERK OF SUPERIOR COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE _Matthews_    DATE 3-25-88

This form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment for determinate sentences under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the Judicial Council of California
Effective July 1, 1987

ABSTRACT OF JUDGMENT — COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor)
FORM DSL 290.1

Pen. C. 1213.5

EXHIBIT R-158

N-158

INSTRUCTIONS:    PINK COPY — COUNTY FILE.    YELLOW COPY — DEPARTMENT OF CORRECTIONS    ADMINISTRATIVE OFFICE OF THE COURT

21/40 - 10073517

LONG BEACH, CALIFORNIA     WEDNESDAY, MARCH 26, 1997

9:00 O'CLOCK A.M.

DEPARTMENT SOUTH F      HON. JAMES B. PIERCE, JUDGE

(APPEARANCES AS HERETOFORE NOTED)

THE COURT:   WE'LL CALL AT THIS TIME THE MATTER OF PEOPLE VERSUS ALBERT BURKLEY.

MR. BURKLEY IS PRESENT IN COURT.

COUNSEL.

MR. GUALANO:   JOE GUALANO, DEPUTY PUBLIC DEFENDER, FOR MR. BURKLEY.

MS. TRAMMELL:   LAURIE TRAMMELL FOR THE PEOPLE.

THE COURT:   THIS MATTER WAS PUT OVER TO TODAY'S DATE FOR THE MOTION IN REGARDS TO -- WELL, THE SECOND BIFURCATED PORTION OF THE TRIAL; THEN JUDGMENT AND SENTENCING.

MR. GUALANO:   I HAVE SPOKEN WITH THE DISTRICT ATTORNEY. WE RECEIVED THE PROBATION REPORT TODAY. LIKE TO PUT ALL THE MATTERS OVER TO APRIL THE 10TH, THE LAST TIME, AND MY MOTION REGARDING THE STRIKES.

THE COURT:   MISS TRAMMELL, IS THAT DATE AGREEABLE?

MS. TRAMMELL:   THAT'S FINE.

THE COURT:   MR. BURKLEY, IS THAT DATE AGREEABLE WITH YOU?

THE DEFENDANT:   YES, SIR.

THE COURT: THE BIFURCATED PORTION, ALL MOTIONS, AND JUDGMENT AND SENTENCING, THEN, PUT OVER TO APRIL THE 10TH, THIS DEPARTMENT, AT 8:30 A.M.

WE'LL SEE YOU BACK THEN, SIR.

(AN ADJOURNMENT WAS TAKEN UNTIL APRIL 10, 1997, AT 8:30 A.M.)

LONG BEACH, CALIFORNIA          THURSDAY, APRIL 10, 1997

9:00 O'CLOCK A.M.

DEPARTMENT SOUTH F          HON. JAMES B. PIERCE, JUDGE


(APPEARANCES AS HERETOFORE NOTED)


THE COURT:   WE'LL CALL AT THIS TIME THE MATTER OF PEOPLE VERSUS ALBERT BURKLEY.

MR. BURKLEY IS PRESENT THIS COURT WITH HIS COUNSEL, MR. GUALANO.

MISS TRAMMELL IS HERE FOR THE PEOPLE.

THIS MATTER WAS PUT OVER UNTIL TODAY'S DATE FOR A COUPLE OF DIFFERENT REASONS.  FIRST OF ALL, THERE IS A REQUEST FOR BIFURCATED TRIAL WHICH WAS CONDUCTED, AND THE SECOND PORTION IN REGARDS REGARDS TO THE PRIORS, WAS SET FOR TODAY'S DATE; THEN THERE HAS ALSO BEEN VARIOUS MOTIONS, AND JUDGMENT AND SENTENCING SET FOR TODAY.

FIRST OF ALL, IN REGARDS TO THE SECOND PORTION OF THE TRIAL IN REGARDS TO THE PRIORS, BOTH SIDES READY TO PROCEED?

MR. GUALANO:   YES.

MS. TRAMMELL:   YES.

THE COURT:   YOU MAY CALL YOUR FIRST WITNESS.

MS. TRAMMELL:   YOUR HONOR, I'M NOT GOING TO CALL ANY WITNESSES.

BEFORE I MARK EXHIBITS, I WOULD ASK THE COURT TO AMEND THE INFORMATION BY INTERLINEATION AS

TO ONE OF THE PRIOR DATES, AND THAT IS THE FIRST PRIOR THAT IS LISTED UNDER 1170.12, CASE NO. A645379. THE CORRECT DATE FOR THAT CONVICTION SHOULD BE 3-10-88.

THE COURT: THAT WILL BE AMENDED BY INTERLINEATION AS TO ALL REFERENCES TO THAT PRIOR, A645379.

MS. TRAMMELL: I HAVE NO WITNESSES, BUT AT THIS TIME I WOULD ASK TO MARK THREE DOCUMENTS FOR IDENTIFICATION.

I HAVE A SIX-PAGE DOCUMENT THAT I WOULD LIKE TO HAVE MARKED PEOPLE'S 101 --

THE COURT: THAT'S AGREEABLE.

MS. TRAMMELL: -- WHICH CONTAINS SIX PAGES, INCLUDING AN ABSTRACT OF JUDGMENT IN AO29958 WITH THE NAME ALBERT BURKLEY, SHOWING A CONVICTION OF PENAL CODE SECTION 211, SECOND DEGREE ROBBERY; A FINGERPRINT CARD, A PHOTOGRAPH, AND A CHRONOLOGICAL HISTORY.

(SIX-PAGE DOCUMENT MARKED PEOPLE'S EXHIBIT 101 FOR IDENTIFICATION)

MS. TRAMMELL: I HAVE ANOTHER DOCUMENT THAT IS A NINE-PAGE NINE PAGE DOCUMENT THAT I WOULD LIKE TO HAVE MARKED PEOPLE'S 102 --

THE COURT: THAT WILL BE SO MARKED.

MS. TRAMMELL: -- WHICH CONTAINS CHRONOLOGICAL

HISTORY, ABSTRACT OF JUDGMENT, IN THE NAME OF ALEXANDER BURKLEY, A.K.A. MICHAEL BOVELLE SCOTT, SHOWING A CONVICTION OF 211 ROBBERY, 3-10-88.

(CHRONOLOGICAL HISTORY DOCUMENT MARKED PEOPLE'S EXHIBIT 102 FOR IDENTIFICATION)

MS. TRAMMELL: AND THEN I HAVE A THIRD DOCUMENT THAT I WOULD LIKE TO HAVE MARKED AS PEOPLE'S 103. THIS IS JUST AN ABUNDANCE OF CAUTION. IT IS A DUPLICATE OF THE ABSTRACT OF JUDGMENT CONTAINED IN PEOPLE'S 102.

AS THE COURT WILL SEE IN A MOMENT, THE ABSTRACT OF JUDGMENT IN PEOPLE'S 102 IS NOT A TERRIBLY GOOD COPY. IT APPEARS MORE LIKE A MICROFILM COPY. IT APPEARS THAT SOMEONE AT THE DEPARTMENT OF CORRECTIONS EITHER SPILLED SOMETHING OR DID SOMETHING OVER THE CASE NUMBER OR PARTIAL OF THE CASE NUMBER; SO I HAVE A FAX COPY OF THE CERTIFIED COPY OF THE ABSTRACT OF JUDGMENT FROM COMPTON COURT ON THAT CASE THAT IS PEOPLE'S 103.

THE COURT: AND, AGAIN, THE CASE NUMBER ON THAT IS A645379?

MS. TRAMMELL: CORRECT.

(DUPLICATE OF PEOPLE'S EXHIBIT 102 ABSTRACT MARKED PEOPLE'S EXHIBIT 103 FOR IDENTIFICATION)

MS. TRAMMELL: AND I'D ASK THAT THOSE DOCUMENTS BE RECEIVED.

THE COURT: ANY OBJECTIONS TO THOSE THREE DOCUMENTS?

MR. GUALANO: FOR THE RECORD, YES. SUBMIT IT.

THE COURT: I TAKE IT, THEN, BY THESE DOCUMENTS YOU ARE NOT MOVING FORWARD ON THE OTHER PRIORS.

MS. TRAMMELL: JUST THE TWO 211 PRIORS.

THE COURT: SO THE 664/487.2 UNDER 1203 IS STRICKEN.

MS. TRAMMELL: CORRECT.

THE COURT: THAT WILL BE STRICKEN.

THE THREE DOCUMENTS, 101, 102 AND 103 WILL BE RECEIVED INTO EVIDENCE.

THE COURT IS SATISFIED THESE ARE ALL CERTIFIED DOCUMENTS FROM THE VARIOUS GOVERNMENT AGENCIES, AND IT IS APPROPRIATE TO RECEIVE THEM INTO EVIDENCE.

PEOPLE REST?

MS. TRAMMELL: YES.

THE COURT: ANY AFFIRMATIVE DEFENSE FOR THE DEFENDANT?

MR. GUALANO: NO, YOUR HONOR.

THE COURT: DEFENSE RESTS?

MR. GUALANO: DEFENSE RESTS.

THE COURT: ANY ARGUMENT EVENT BY EITHER

SIDE?

MR. GUALANO:   SUBMIT IT.

MS. TRAMMELL:   SUBMIT IT.

THE COURT:   THE COURT IS SATISFIED THAT THE TWO PRIOR CONVICTIONS WERE IN FACT SUFFERED BY THE DEFENDANT, NAMELY, 211 PENAL CODE, ON 3-10-88 AND 5-20-1994, AND FURTHER SATISFIED UNDER 1170.12(A) THROUGH (D) AND 667.5(B) IN THAT THE DEFENDANT SERVED PRISON TERMS FOR THEM, AND FINALLY THAT THEY ARE SERIOUS FELONIES UNDER 667(A)1, BOTH OF THEM, SO THE COURT FINDS TRUE THE ALLEGATIONS UNDER 667.5(B).

THE COURT:   ANY MOTIONS BEFORE WE GET TO JUDGMENT AND SENTENCING?

MR. GUALANO:   ACTUALLY, YES, YOUR HONOR. THERE IS A MOTION TO ASK THIS COURT TO EXERCISE ITS DISCRETION UNDER 1385 UNDER ROMERO, AND THE CASES THAT HAVE FOLLOWED, TO STRIKE ONE OF THE STRIKES. THE REASON I DID NOT FILE A FORMAL MOTION, I HAVE READ ROMERO, AND I DO KNOW THEY SET FORTH THAT IT CAN BE CONSIDERED AN ABUSE OF DISCRETION IF THE COURT STRIKES A STRIKES WILLY-NILLY.   I'M NOT ASKING YOU TO DO THAT.

I'M ASKING YOU TO TAKE CONSIDERATION THE FACT THIS WAS A SHORT TRIAL; THE FACT THAT MR. BURKLEY DID NOT TESTIFY; THAT THE 25-TO-LIFE SENTENCE IS SOMETHING THAT HAS BEEN -- AT LEAST FOR THE 12 YEARS THAT I'VE BEEN PRACTICING CRIMINAL LAW

-- IS RESERVED FOR PEOPLE WHO COMMIT THE HEINOUS CRIME OF FIRST DEGREE MURDER OR MURDER UNDER THE FELONY MURDER RULE, WHICH IS A VERY SERIOUS CRIME.

MR. BURKLEY, FROM LOOKING AT HIS RECORD, HAS NEVER KILLED ANYBODY, ALTHOUGH IN THIS PARTICULAR CASE BEFORE YOU, THERE IS SPECIFICALLY EVIDENCE THAT HE BEAT THE VICTIM; HOWEVER, NOTHING -- THE VICTIM STILL IS ALIVE TO THIS DAY, AND IT WOULD BE AN ABUSE OF THE COURT TO SENTENCE MR. BURKLEY TO 25-TO-LIFE AND THAT THE COURT SHOULD EXERCISE ITS DISCRETION UNDER 1385 FOR THE REASONS I JUST STATED.

ALSO, IT IS OUR POSITION THAT IT WOULD BE CRUEL AND UNUSUAL PUNISHMENT TO COMMIT MR. BURKLEY TO A SENTENCE OF THIS NATURE, AND THAT I WOULD URGE THE COURT TO CONSIDER STRIKING THE STRIKE BASED ON THE FACTS; THAT EVEN IF YOU DID DO THAT, HE WOULD SPEND SUBSTANTIALLY THE REST OF HIS LIFE IN PRISON, BUT AT LEAST HE WOULD HAVE A DETERMINATE SENTENCE. I BELIEVE I CALCULATED OUT HIS MAXIMUM PENALTY, AND IT WAS SUBSTANTIAL WITHOUT A STRIKE.

LASTLY, I WOULD ARGUE THAT THE 667(A) PRIORS, IT WOULD BE AN ABUSE OF THE DUAL USE SECTIONS. I KNOW THERE ARE CASES THAT SAY OTHERWISE, HOWEVER, I WOULD ASK THAT THE COURT NOT SENTENCE THE DEFENDANT UNDER 667(A) IN ADDITION TO USING THE SAME PRIORS FOR STRIKES.

I'LL SUBMIT.

# CERTIFICATE OF SERVICE

Case Name: Albert Burkley    v. Francisco Jacquez

9th Cir. Case No.: 20- 55205

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the **Informal Brief**, Reporter's Transcripts; 1988 guilty plea
(title of document you are filing) Case No. A-645379
and any attachments was served, either in person or by mail, on the persons listed below.

_Albert Burkley_
Signature
Notary NOT required

| Name | Address | Date Served |
|---|---|---|
| U.S Court of Appeals For the **Ninth** Circuit | P.O BOX 193939 San Francisco, CA. 94119-3939 | March 17, 2020 |

# PROOF OF SERVICE BY MAIL

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 2 3 2020

FILED _____
DOCKETED _____
DATE   INITIAL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, ALBERT BurKley , declare:

I am over 18 years of age and a party to this action. I am a resident of TeHAchap,

_____ STATE _____ Prison,

in the county of KERN,

State of California. My prison address is: CAliFoRnia CorrectiunAL InstitudionAL

FAc C. bldg 1 134 L. P.o Box 1905 Tehachapi, CA, 93581

On march 17, 2020 ,
(DATE)

I served the attached: INformAL BRIEF, RePoRTERS TranscRiPTS, 1988 GuilTy/ PleA

CASE Number A-645379
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with

postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named

correctional institution in which I am presently confined. The envelope was addressed as follows:

ClerK, U.S. CourT of APPeals FoR The NinTh CirCuiT

P.O. Box 193939 SAN FrANCisCo, CA, 94119-3939

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on mArch 17, 2020            allert BurKley
(DATE)                         (DECLARANT'S SIGNATURE)